JAMES DEERING, *in Equity, versus* THE YORK AND CUMBER-
LAND RAIL ROAD COMPANY.

Upon a bill in equity, praying for an injunction and for relief, an Act of the Legislature ought not to be adjudged unconstitutional, on a mere preliminary hearing for the injunction, and before an examination into the general merits of the bill.

Thus, upon such a bill, calling for an immediate injunction against a rail road corporation, to stay their operations, under their charter, upon the plaintiff's land, upon the allegation that the powers, granted by the charter, were in violation of the constitution, it was *Held*, that, until the general merits of the bill should be examined, the injunction must be denied.

BILL for an injunction and for relief.

The bill, in substance, alleges *that* the plaintiff is owner and occupant of improved and valuable lands, upon which he resides ; *that* defendants were incorporated with power to construct a rail road, and to purchase or to take, hold and use lands necessary for said purpose ; provided, that when lands should be taken without purchase or contract, the company should pay damages, to be ascertained and determined by the county commissioners, in the same manner and under the same conditions and limitations as are by law provided in the case of damages by the laying out of highways, and that the lands so taken by the corporation, shall be held as lands taken and appropriated for public highways ; *that*, by said charter, the defendants were invested with all the powers, privileges and immunities, and made subject to all the duties and liabilities, provided respecting rail roads, in chapter 81 of the Revised Statutes, not inconsistent with the express provisions of their charter.

The plaintiff's bill further alleges *that*, acting under said charter, the defendants have caused a portion of the route of said rail road to be located upon and over said lands of the

Deering *v.* York and Cumberland Rail Road Co.

plaintiff, and have commenced using the same, and have cut down his fences and trees, and dug up and defaced his grounds, and are still committing great waste, and threatening to continue so to do, to his great annoyance, and to the prevention of his future improvement of the lands, and to the ruin of the same, *in the character in which they have long been enjoyed by him; that* there has been no agreement between the plaintiff and defendants, as to the price, to be paid for said appropriation of the plaintiff's lands; *that* the damages thereby created have never been ascertained and determined by the county commissioners, or in any other way, nor have the defendants paid or offered to pay any thing for the same; and *that* said injurious acts have been done without any purchase from or consent of the plaintiff, and without any pretence of right, except under said charter.

The plaintiff's bill further alleges *that*, whatever may be the purport of the defendants' charter, it cannot have conferred upon them the right to do the injurious acts aforesaid, because it makes no adequate and certain provision for the payment of damage or compensation for the lands taken as aforesaid, and is therefore unconstitutional and void; *that* the aforesaid doings of the defendants are wholly of their own wrong, and contrary to equity and good conscience, for which there is no adequate remedy at law. Wherefore the plaintiff prays that the defendants may be enjoined from further appropriation of, or operation upon, the said lands of the plaintiff, and for further relief.

For the purpose of a hearing at the present term, so far as relates to the injunction prayed for, the defendants admit the facts stated in the bill to be true.

*W. P. Fessenden,* for plaintiff.

*John A. Poor,* for defendants.

For the plaintiff, it was contended, *that* the defendants' proceedings, (unless justified by their charter,) are acts of waste, even under the strictest definitions of the ancient law; and *that, a fortiori,* they are such within the mitigated doctrines of modern times; also that they are, to the plaintiff, a nuis-

ance from which he is entitled to be exempted; and *that*, for such waste and such nuisance, the appropriate and only adequate remedy is at equity.

The counsel then contended, that the defendants' acts are not justified by their charter, because it is merely an unconstitutional and void enactment, inasmuch as it does not provide a "just compensation" for the private property which it authorizes to be taken for public uses.

These positions were enforced with much strength of argument, and a voluminous citation of authorities.

By the defendant's counsel, the provisions of the charter were vindicated with much force, and by a learned reference to adjudged cases.

The court having postponed a decision upon the general merits, and left the case, for the present, in an unfinished state, the arguments and citations, as they apply chiefly to the points hereafter to be decided, are postponed till the decision upon those points shall be made.

WELLS, J. — The plaintiff, by his bill in equity, charges the defendants with having committed waste upon his lands, and the doing of certain acts upon the same, which are denominated in the bill a nuisance to him. He also prays for an injunction to restrain the defendants from doing any further acts upon his premises, by virtue of their charter. The injunction is asked for at the present time without a hearing upon the general merits of the bill, and the defendants, without making an answer to the bill, admit for the purposes of the hearing, in relation to the injunction, that the facts stated in the bill are true.

It is contended by the plaintiff that if the act incorporating the defendants, allows them to take and use his land, before compensation is made to him, that then the act is so far unconstitutional and void.

It is quite manifest that the act, by a fair construction of its language, does authorise the taking and using of the land, before compensation is made, and in case the parties cannot agree upon the damages, they are to be determined by the county commissioners, in the same manner and under the same

conditions and limitations, as are by law provided in the case of damages by the laying out of highways. The statute, chap. 81, sect. 6, when real estate is taken by a rail road corporation, directs the commissioners, upon the request of the owner of such real estate, to require the rail road corporation to give security to the satisfaction of the commissioners, for the payment of damages and costs, which may be awarded by jury or otherwise, and it further provides that the authority of the corporation to enter upon or use such real estate, except for making surveys, shall be suspended until the security is given. And the charter of the defendants confers upon them all the rights, and subjects them to all the liabilities, provided in chap. 81, before mentioned, not inconsistent with the provisions of the charter. Any party aggrieved by the doings of the commissioners, in estimating damages, may have a jury to determine the matter of his complaint, agreeably to chap. 25, sect. 8.

By the charter and the provisions of the statute, the defendants may continue to use the real estate taken, by giving the required security.

By the constitution of this State, it is provided, art. 1, sect. 21, that " private property shall not be taken for public uses, without just compensation ; nor unless the public exigencies require it."

The constitution does not prescribe that the compensation shall be made before the property is taken, nor when it shall be made.

In times of war and civil commotions, the government may need the property of its citizens for public uses, when the exigency is so pressing, that there is neither opportunity nor means for making compensation at the time when it is taken.

Lands are required for highways, turnpikes, canals and ferries, and the acts authorizing them to be taken have uniformly, so far as they have come to our notice, provided for compensation subsequently to be made.

But it is conceded, that in cases where the owner of the

land has a claim upon a town or county for his damages, that there is then such a degree of certainty as will ensure the eventual payment, and that it would not be in violation of the constitution to allow the property to be taken where a public corporation would be liable for the compensation subsequently to be made.

But even in those cases, the compensation would not be absolutely certain, for governments are subject to revolutions, and they may fail of making payment. As all future earthly events are doubtful, if the payment provided, though not absolutely certain, may still be constitutional, can any thing more be required than a reasonable certainty of it?

The law does not prescribe the kind of security with which the commissioners may be satisfied. They may require a deposit of public stocks and securities of a town, city, State or of the United States. But they may require security of a less satisfactory character, and it may entirely fail and the owner be subject to great injury, though not to the ultimate loss of his land.

This is strictly a constitutional question of great magnitude, not only affecting the plaintiff but having an important bearing upon the interests of others. Before the injunction can be granted, we must decide the act incorporating the defendants to be unconstitutional and void. And this decision we are called upon to make, upon a mere *interlocutory* proceeding, without sufficient opportunity for examination and deliberation.

In the case of *Moor* v. *Veazie*, the plaintiff asked for an injunction on the ground, that the charter under which he acted was constitutional, and it was presumed to be so, so far as to authorize a temporary injunction. There the charter was claimed to be valid, here invalid. There we could grant what was asked, assuming the act to be in accordance with the constitution, here we cannot do it, without deciding the act to be in opposition to the constitution.

As we assumed in that case the constitutionality of the legislative act, so we must in this, so far as relates to the

application for an injunction at the present time. The same rule, which authorized it to be .granted in that case, requires in this, that it should be refused. We base our conclusion upon the rule, that an act of the Legislature ought not to be decided to be unconstitutional upon a preliminary hearing of this nature, before an examination of the general merits of the bill.

We therefore decline at present from expressing any opinion in relation to the validity of the defendants' charter. We have stated enough to show what the question is, and that it is one requiring very great consideration, and the most careful and attentive investigation. It must take the ordinary course of judicial proceedings, and will be. decided, if the nature of the case requires it, upon the final disposition of the plaintiff's bill. *The injunction is denied.*